# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3789-19

D.R.,

    Plaintiff-Respondent,

v.

T.A.D.,

    Defendant-Appellant.

_____

        Submitted May 3, 2021 – Decided September 15, 2021

        Before Judges Hoffman and Smith.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FV-16-1375-19.

        Fiorello, Puccio & Fiorello LLC, attorneys for appellant (Linda Couso Puccio, on the brief).

        Respondent has not filed a brief.

PER CURIAM

Defendant appeals from the January 28, 2020 Family Part order entering a final restraining order (FRO) against her on predicate bases of criminal mischief and harassment. Defendant argues the trial court erred: 1) in finding that the parties were in a dating relationship, 2) by admitting into evidence and relying on an unauthenticated video of the alleged incident between the parties, and 3) in finding that the FRO was necessary to protect plaintiff. For the reasons set forth below, we affirm.

Plaintiff filed a domestic violence complaint against defendant on March 20, 2019, and the court entered a temporary restraining order (TRO) against defendant the same day. Both parties appeared pro se on January 28, 2020.

At the FRO hearing, plaintiff testified that he and defendant dated and that their relationship was a non-exclusive relationship. Plaintiff and defendant would go to a bar and play pool together, and defendant would come over to plaintiff's house on numerous occasions. Plaintiff testified that he was "in the stages of getting to know [defendant]," and that the parties' relationship was on and off. The parties' relationship spanned the course of a year; however, there were some months where they did not have any communication because defendant was in Florida. Plaintiff and defendant never lived together in the same house.

A-3789-19

On March 18, 2019, at approximately 6:20 a.m., defendant showed up at the residence of another girlfriend of plaintiff. A video showed defendant, screaming and yelling while driving her car around the other girlfriend's property. At one point, defendant yelled out, "Do you wanna call the cops on me . . . ?" Defendant also caused her vehicle, a rental car, to hit plaintiff's vehicle, which was parked. At trial, defendant did not dispute the events depicted in the video, acknowledging that she went to the other girlfriend's home that morning and that she screamed and shouted while she was there. Defendant even apologized on the record for her behavior.

At the conclusion of the hearing, the court found that plaintiff had proven the predicate acts of harassment and criminal mischief, and that a restraining order was required to protect plaintiff from defendant. This appeal followed.

Our scope of review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We owe substantial deference to the Family Part's findings of fact because of its special expertise in family matters. Id. at 413 (citations omitted). Deference is especially appropriate in bench trials when the evidence is "largely testimonial and involves questions of credibility." Id. at 412 (citations omitted). A trial judge who observes witnesses and listens to their testimony is in the best position to "make first-hand credibility judgments about

A-3789-19

the witnesses who appear on the stand . . . ." N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008). We will not disturb a trial court's factual findings unless "they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Cesare, 154 N.J. at 412 (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). However, we do not accord such deference to legal conclusions and review such conclusions de novo. Thieme v. Aucoin-Thieme, 227 N.J. 269, 283 (2016).

To determine whether the entry of an FRO is appropriate, the court must first "determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19[(a)] has occurred." Silver v. Silver, 387 N.J. Super. 112, 125 (App. Div. 2006). If the court finds the defendant committed a predicate act of domestic violence, then the second inquiry "is whether the court should enter a restraining order that provides protection for the victim." Id. at 126. While the second inquiry "is most often perfunctory and self-evident, the guiding standard is whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25–29[(a)](1) to –29[(a)](6), to protect the victim from an immediate danger or to prevent further abuse." Id. at 127.

A-3789-19

Defendant argues the trial court erred in finding that the parties had a dating relationship, and that such findings were contrary to the evidence presented at the hearing. This argument has no merit, and we disagree. The trial court determined that the level of engagement between the parties was high, the level of emotional involvement was high, and the time period was extensive. "A trial court's findings should be disturbed only if they are so clearly mistaken 'that the interests of justice demand intervention and correction.'" State v. Elders, 192 N.J. 224, 244 (2007) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). There is enough competent, relevant and reasonably credible evidence in the record to support the trial court's finding of a dating relationship. Cesare, 154 N.J. at 412. We conclude such a finding is not "clearly mistaken." Elders, 192 N.J. at 244.

Defendant next argues the trial court erred by admitting into evidence, and relying on, an unauthenticated video of the alleged incident on March 18, 2019. Plaintiff testified that he was asleep at the time of alleged incident, and that he only learned of the events that occurred when he viewed the video at a later date. Defendant did not dispute any of the salient facts depicted in the video, and even apologized for her conduct. While not properly authenticated, receipt of the

video in evidence constitutes harmless error where the video focuses entirely on undisputed facts.  See State v. Wilson, 135 N.J. 4, 21-22 (1994).

Finally, we reject defendant's contention that the trial court findings did not establish that an FRO was necessary to protect plaintiff from further abuse. Defendant admitted to committing two predicate acts of domestic violence at 6:20 a.m. outside a private residence.  The trial court also found defendant was likely to commit future acts of domestic violence against plaintiff based on testimony about her conduct after issuance of the TRO.  Given our deferential standard of review, and having reviewed the record in its totality, we find no basis to disturb the trial court's fact and credibility findings, nor do we find any reason to second-guess its legal conclusions with regard to the second prong of Silver.  See Cesare, 154 N.J. at 411-12.

All other points raised by defendant lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-3789-19